IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD W. WHITE,
    Petitioner,

v.                                          Case No. 3:11mc64/MCR/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon a "Petition to Quash Summons" (doc. 1). Petitioner Ronald W. White, who is under investigation by the Internal Revenue Service ("IRS"), seeks to quash a summons issued by the IRS to third party record keeper Hayley Barnes, Reconcilement, at First National Bank and Trust ("FNBT") in Fort Walton Beach, Florida. The summons requests Ms. Barnes to produce records relating to Petitioner and/or a business presumably affiliated with Petitioner for the time periods ending December 31, 2007, December 31, 2008 and December 31, 2009 (doc. 1, exh. A).[1] On July 27, 2011, the court deferred ruling on the petition to quash and afforded the Government the opportunity to respond. The Government's response, filed in the form of a motion to deny petition to quash summons with incorporated memorandum of law is now before the court (doc. 8).

        According to the affidavit of IRS Revenue Agent Daniel Pope, Petitioner White's federal income tax liabilities for the 2006 though 2009 tax years are under investigation due to his failure

---

[1] Exhibit F2 to the petition reflects that the IRS issued a summons for Ms. Barnes to appear on December 13, 2010, to produce records for the time period ending December 31, 2006. Sarah Brothers, an administrative assistant at Tyndall Federal Credit Union was served with an identical summons (doc. 1, exh. F1). Whether Ms. Barnes and/or Ms. Brothers complied with these previously-issued summonses is not apparent from the petition.

to file tax returns since 2001 and his potential participation in a "Corporation Sole" tax avoidance scheme (doc. 8, exh. 1 at 1–2).  To further his investigation, Agent Pope initially attempted to meet with Petitioner White to discuss White's tax liability for 2006 and instructed him to bring certain documents to the meeting (*id.* at 2).  After White failed to appear at the meeting, and provided only limited records to Agent Pope, Pope issued a summons to FNBT seeking records pertaining to White's tax liabilities for 2006, which he received (*id.* at 3).  Pope rescheduled the meeting, but White again declined to appear, claiming he had no income or expenses for the year in question (*id.*). Pope's investigation expanded, and he attempted to verify the identify of third parties who might have financial information relevant to tax years 2007 through 2009 (*id.* at 4).  He determined that FNBT likely possessed such information and issued the subpoena that is at issue in this case (*id.*).  Pope states in his affidavit that he received a package from FNBT that may be responsive to the summons, although he has not opened or reviewed it in light of the pending motion to quash (*id.*) Pope expressly avers in his affidavit that despite White's beliefs to the contrary, Pope is not conducting an examination of the World Evangelist Outreach Church, or of Mary Gladys White, and that the goal of the summons was not to obtain financial records from either; rather the intent of the summons was to obtain information that may bear on the income tax liability of Ronald W. White (*id.* at 5).  The records requested may reveal whether White has deposited funds received by him into the accounts, made withdrawals from the accounts, had his personal living expenses paid by the accounts, or made other relevant transactions in and through the accounts, all of which would be evidence of gross income to White and relevant to Pope's examination of his potential income tax liabilities (*id.*).  Conversely, if the records show a lack of income to White, this would also be relevant (*id.*).

      The court finds that the basis for the summons is sound, and additionally for the reasons stated in the Government's memorandum, the taxpayer's arguments for quashing the summons are not well-founded.  The motion to quash, therefore, is due to be denied.

      Accordingly, it is respectfully **RECOMMENDED** that:

1. The motion to quash IRS Summons (doc. 1) be **DENIED**.
2. The Government's motion to deny petition to quash (doc. 8) be **GRANTED**.

Case No.: 3:11mc64/MCR/EMT

At Pensacola, Florida, this 25<u>th</u> day of August, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**